**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**DONNIE RICHARD COOK, #39995**                                                    **PLAINTIFF**

**V.**                                                                  **CAUSE NO. 3:10-CV-00176-CWR-LRA**

**SCOTT COUNTY, MISSISSIPPI;**
**NEWTON COUNTY, MISSISSIPPI;**                                          **DEFENDANTS**
**JOE RIGBY AND RODNEY BOUNDS**

### ORDER OF DISMISSAL

The above-styled matter is before the Court on the Defendants' Motion for Summary

Judgment,[1] wherein the above-named defendants collectively argue that the plaintiff, Donnie

Richard Cook, has failed to state a legal claim upon which relief can be granted. The Court has

reviewed that motion alongside the plaintiff's response thereto and, after due deliberation, has

concluded that the motion must be granted.

According to Donnie Richard Cook (hereinafter "Cook"), he was arrested in December

2004 by Scott County Sherriff's Department officers[2] "on a felony charge of 'Precursor

Chemical'."[3] Ultimately, he was convicted in Scott County Circuit Court and sentenced to 30

years in prison.[4]

Cook appealed his conviction, but the Mississippi Court of Appeals affirmed the

---

[1] Defendants' Motion for Summary Judgment [Docket No. 36].

[2] Complaint [Docket No. 1] at 5.

[3] Complaint at 5.

[4] Complaint at 5.

1

conviction on March 13, 2007,[5] and according to the Mississippi Supreme Court's website, the

mandate on the Court of Appeals' decision issued on April 24, 2007.[6] Cook does not appear to

have pursued relief under the Mississippi Uniform Post-Conviction Collateral Relief Act.[7]

However, in 2009, Cook filed a *mandamus* petition at the Mississippi Supreme Court, apparently

in anticipation of a collateral attack against his conviction.[8] On each of these three occasions, he

"request[ed] that th[e] Court compel the trial court to provide copies of the record, transcripts

and other documents from his 2005 trial."[9] Each time, that Court observed that Cook "[ha]d not

file[d] the request for a free transcript and other documents as part of a motion under the post-

conviction collateral relief statute, nor . . . [as] part of a direct appeal from his conviction"[10] and

denied the motions.

---

[5] *Cook v. State*, 953 So. 2d 271 (Miss. Ct. App. 2007).

[6] Mississippi Supreme Court, http://courts.ms.gov (last visited December 28, 2011) (click "General Docket" hyperlink and search for Cause No. 2005-KA-2138-COA).

[7] Miss. Code Ann. § 99-39-1, *et seq.*

[8] Throughout his filings, Cook contends that copies of an arrest warrant have not been made available to him, thereby violating his Fourteenth Amendment right to due process as discussed in *Brady v. Maryland*, 373 U.S. 83 (1963). Mississippi law explicitly reserves post-conviction relief for, *inter alia*, cases in which "the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi[.]" Miss. Code Ann. § 99-39-5. Construing Cook's *pro se* pleadings broadly, as is the practice of federal courts, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), one is left to conclude that Cook seeks these materials in anticipation of a petition for post-conviction relief.

[9] Exhibit C to Motion for Summary Judgment [Docket No. 36-3] (hereinafter "Supreme Court's September 2009 Order").

[10] Supreme Court's September 2009 Order. *See also* Exhibit D to Motion for Summary Judgment [Docket No. 36-4] (hereinafter "Supreme Court's April 2010 Order"); Exhibit E to Motion for Summary Judgment [Docket No. 36-5] (hereinafter "Supreme Court's July 2010 Order").

On March 23, 2010, Cook initiated the suit at hand with a Complaint in which he alleged that by denying his requests for documents related to his trial, the defendants had violated various constitutional rights.[11] Cook explicitly delineated the case as one arising under Title 42, Section 1983 of the United States Code.[12] On April 22, 2010, Magistrate Judge Anderson granted Cook leave to proceed *in forma pauperis*.[13]

Eventually, the defendants jointly moved for summary judgment on August 25, 2011.

## ANALYSIS

Although the defendants have styled their motion as one seeking summary judgment, it is, in substance, a motion submitted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that judgment as a matter of law is appropriate when the plaintiff "fail[s] to state a claim upon which relief can be granted[.]" When a court evaluates such a motion, it "must accept as true all well-pleaded facts."[14] In the case at bar, the defendants' motion assumes *arguendo* that Cook's factual representations are true and attacks the legal basis of his claim. Therefore, the Court reviews the matter at hand as one presenting questions of pure law.

As a preliminary matter, the Court is obligated to evaluate the question of subject-matter jurisdiction, even though it has not been raised by the parties.[15] It is well established that federal

---

[11] Complaint at 8.

[12] Complaint at 4.

[13] Order Setting Payment Schedule [Docket No. 10].

[14] *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 417 (5th Cir. 2010).

[15] *Zhao v. Gonzales*, 404 F.3d 295, 302 (5th Cir. 2005). *See also McDaniel v. Tyson Farms, Inc.*, 2011 WL 3924866 *2 n.23 (S.D. Miss. Sept. 6, 2011).

courts, as courts of limited jurisdiction, have only the authority to hear live cases and controversies and, therefore, cannot entertain a dispute that is moot.[16]

Under Mississippi law, claims for post-conviction relief by defendants not under sentence of death generally are governed by a three-year statute of limitations.[17] However, the Mississippi Supreme Court held unanimously in 2010 that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA."[18] Cook claims that the defendants in the case at bar have violated evidence to which he is entitled under the Supreme Court's decision in *Brady v. Maryland*, which explicitly held that the right to demand exculpatory evidence from a prosecutor stems from the Fourteenth Amendment's Due Process Clause.[19] And as the Mississippi Supreme Court has recognized, that provision establishes a fundamental constitutional right.[20] Therefore, indulging Cook the presumption that Mississippi law does not foreclose the collateral attack he seeks to frame in state court, his claim for relief related to that claim is not moot and may be heard.

The defendants present two arguments in support of their request for judgment as a matter of law. First, they contend that Cook enjoys no constitutional right to free copies of the materials that he seeks. Second, the defendants argue that Cook did not file his Complaint before the expiration of the three-year limitations period governing Section 1983 claims in Mississippi.

---

[16] *Wolcott v. Sebelius*, 635 F.3d 757, 773-74 (5th Cir. 2011).

[17] Miss. Code Ann. § 99-39-5(2).

[18] *Rowland v. State*, 42 So. 3d 503, 506 (Miss. 2010)

[19] *Brady*, 373 U.S. at 86.

[20] *Boyd v. State*, 47 So. 3d 121, 127 (Miss. 2010).

4

Because the first suggestion is dispositive, the Court does not reach the question of whether this action is barred by the statute of limitations.

The Fifth Circuit has held that "[u]nder ordinary circumstances . . . , an indigent does not have a federally protected right to a free copy of his transcript or other court records merely to search for possible error in order to file a petition for collateral relief at some future date."[21] That is not to say that an indigent defendant can never receive a free transcript; for example, in a 1970 opinion, the Supreme Court observed that there might be "circumstances in which the Constitution requires that a State furnish an indigent state prisoner free of cost a trial transcript to aid him to prepare a petition for collateral relief."[22]

In the 1970 case, the petitioner attacked a California rule regarding free transcripts for co-defendants. The rule at issue established that when one or more of the co-defendants was sentenced to death, each co-defendant would receive a free transcript; however, in all other cases, co-defendants would be required to share a single transcript.[23] The Supreme Court ultimately passed on the question of whether that rule erected an unconstitutional hurdle, but the Fifth Circuit later read the decision to "indicate[ ] that under 'special circumstances,'" denial of a free transcript could amount to a constitutional violation.[24]

---

[21] *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971).

[22] *Wade v. Wilson*, 396 U.S. 282, 286 (1970).

[23] *Id.* at 285.

[24] *Bennett v. United States*, 437 F.2d 1210, 1211 (1971). *See also Alfinito v. United States*, 305 F. Supp. 568, 569 (D.S.C. 1969) ("[W]e do not accept the proposition that a district court can never furnish an indigent a transcript for the purpose of instituting a collateral attack on a criminal proceeding, where he has stated a proper ground for relief and a transcript is indispensable.").

5

However, such circumstances do not exist in the case at bar because Mississippi law does provide a procedure by which an indigent may request a free transcript to aid the pursuit of post-conviction relief. As the Mississippi Court of Appeals explained in a 2009 decision,

> [i]f a prisoner files a proper motion pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, and his motion withstands summary dismissal under [S]ection 99-39-11(2) (Rev. 2007), then he[ ] *may be entitled* to trial transcripts or other relevant documents under the discovery provisions of § 99-39-15, *upon good cause shown and in the discretion of the trial judge*. If the prisoner's request for transcripts or other documents is denied, and his overall petition is ultimately denied, then he may appeal the denial of his petition for collateral relief pursuant to § 99-39-25, which provides that final judgments entered under the Act may be reviewed by [the appellate court] on appeal brought by either the State or the prisoner.[25]

Incidentally, this appears to be the point that the Mississippi Supreme Court attempted to make in its three denials of Cook's efforts to petition for *mandamus*. The proper procedure for Cook to follow would be to apply to the Supreme Court for leave to proceed with a motion to vacate, pursuant to the terms of Section 99-39-27 of the Mississippi Code. Then, if the Court grants Cook leave to proceed on his motion, he would be entitled to avail himself of the discovery provisions addressed within Section 99-39-15.

That framework does not present the sort of special circumstances addressed by the Supreme Court in *Wade*, and therefore, Cook has not demonstrated the violation of a right guaranteed by the United States Constitution. In this Court, he has failed to state a claim upon which relief can be granted.

For that reason, the Defendants' Motion for Summary Judgment is granted. A Final Judgment effectuating that disposition shall be entered on this day.

---

[25] *Bullock v. State*, 1 So. 3d 941, 943 (Miss. Ct. App. 2009) (emphases added) (quoting *Fleming v. State*, 553 So. 2d 505, 506 (Miss. 1989)).

**SO ORDERED**, this the Thirty-First day of January 2012.

/s/ *Carlton W. Reeves*

Hon. Carlton W. Reeves
United States District Court Judge